**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | ) | No. CV 11-1990-PHX-GMS (JRI) |
|---|---|---|
| Plaintiff, | ) | No. CR 08-0255-PHX-GMS |
| v. | ) | **ORDER** |
| Jeffrey Crandell, | ) | |
| Defendant/Movant. | ) | |

Tanya Crandell, who is the wife of the ostensible movant, Jeffrey Crandell, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Jeffrey Crandell is confined in the Federal Correctional Institution-La Tuna in Anthony, Texas. The Court will dismiss the motion with leave to file an amended motion.

**I.    Procedural History**

Pursuant to a plea agreement, Jeffrey Crandell pleaded guilty to six counts of bank fraud, in violation of 18 U.S.C. § 1344. The plea agreement did not include any agreements regarding sentencing, but the government agreed to a two point reduction in the applicable sentence guideline level for acceptance of responsibility. On March 31, 2010, the Court sentenced Mr. Crandell to a 62-month term of imprisonment, a period below the low end of the suggested federal sentencing guideline range, followed by five years on supervised release.

Tanya Crandell seeks relief on behalf of her husband. She alleges four grounds. In

each, she seeks modification of the terms of her husband's sentence so that he may serve his sentence in home confinement.

**II.    Standard for § 2255 Relief**

Movant asks that her husband be held in a facility closer to his family's home and/or for home confinement.  The Constitution solely confers on the President the "power to grant reprieves and pardons for offenses against the United States."  U.S. Const. art. II, § 2, cl.1; see United States v. Pollard, 416 F.3d 48, 50, 57 (D.C. Cir. 2005); Binion v. U.S. Dept of Justice, 695 F.2d 1189, 1190 (9th Cir. 1983); United States v. Missio, 597 F.2d 60, 62 (11th Cir. 1979).  Thus, an application for federal clemency must be made to the President for such relief and may not obtain clemency in § 2255 proceedings.

A motion filed pursuant to 28 U.S.C. § 2255 is a post-conviction remedy for a federal prisoner claiming the right to be released upon the grounds that: (1) the judgment or sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the judgment or sentence is otherwise subject to collateral attack.  See Rule 1(a), Rules Governing § 2255 Proceedings.  Further, a § 2255 motion must be signed by the federal prisoner under penalty of perjury or by an attorney representing him.  See 28 U.S.C. § 2242; Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; see also United States v. Bautista-De La Cruz, No. CV11-0483-PHX-JAT, 2011 WL 939289, at *1 (D. Az. Mar. 17, 2011).

The instant motion fails to allege a violation of the Constitution or laws of the United States.  Further, it has not been signed by Mr. Crandell or by an attorney representing him.  For both reasons, the motion will be denied with leave to file an amended motion.

**III.    Leave to Amend**

Mr. Crandell will be granted leave to file an amended motion pursuant to 28 U.S.C. § 2255.  He must submit such motion on the court-approved form and must sign it under penalty of perjury.  If Mr. Crandell fails to file an amended motion within 30 days from the date of filing of this Order, the Court will dismiss this § 2255 action, without further notice

to him, for failure to comply with Local Rule of Civil Procedure 3.5(a). If Mr. Crandell fails to use the court-approved form, the Court may strike the amended motion and dismiss this § 2255 action without further notice to him.

Mr. Crandell must clearly designate on the face of the document that it is an "Amended Motion." The amended motion must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Motion by reference. **Mr. Crandell must describe each ground for relief and the facts supporting each ground**.

An amended motion supersedes the original Motion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Motion as nonexistent. Ferdik, 963 F.2d at 1262. Any ground for relief that was raised in the original Motion is waived if it is not raised in an amended motion. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

If Mr. Crandell files an amended motion, he should include every ground for relief that he wishes to raise. If the Court adjudicates the merits of an amended motion, any subsequent motion for § 2255 relief will be treated as "[a] second or successive motion," which requires certification by a panel of the appropriate court of appeals pursuant to 28 U.S.C. § 2244 before it is filed. 28 U.S.C. § 2255(h); Rule 9, Rules Governing § 2255 Proceedings.

**IV. Warnings**

**A. Address Changes**

Mr. Crandell must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. He must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this § 2255 action.

**B. Copies**

Mr. Crandell must submit an additional copy of every filing for use by the Court. See

LRCiv 5.4. Failure to comply with this requirement may result in the filing being stricken without further notice to him.

## C. Possible Dismissal

If Mr. Crandell fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this § 2255 action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     All further filings in the civil action must include the criminal case number in the caption as it appears in this Order.

(2)     Movants' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **denied with leave to amend**. Movants have **30 days** from the date of filing of this Order to file an amended motion in compliance with this Order.

(3)     If Movants fail to file an amended motion within 30 days, the Clerk of Court must, without further notice, terminate Doc. 333 in CR08-0255-PHX-GMS and enter a judgment of dismissal of the civil action opened in connection with this § 2255 action (CV11-1990-PHX-GMS (JRI)), without prejudice.

(3)     The Clerk of Court must mail Movants the court-approved form for filing a Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (28 U.S.C. § 2255).

DATED this 22nd day of November, 2011.

_G. Murray Snow_
G. Murray Snow
United States District Judge

**Instructions for Filing a Motion to Vacate, Set Aside, or Correct a Sentence
by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255)
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court.  You also may use this form to challenge a federal judgment that imposed a sentence to be served in the future. You are asking for relief from the conviction or the sentence. This form is your motion for relief.  In this motion, you may challenge only one judgment.  If you want to challenge more than one judgment, you must file a separate motion for each judgment.  **This form should not be used in death penalty cases.** If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) requires that motions to vacate must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>No Filing Fee</u>.  No fee is required with this motion.

5. <u>Original and Judge's Copy</u>.  You must send an **original and one copy** of your motion and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You must file the form in the United States District Court that entered the judgment that you are challenging.  When you have completed the form, mail the **original and one copy** to the Clerk of the United States District Court at the division where you were sentenced:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

Revised 3/9/07                                           1

8.  <u>Certificate of Service</u>.  You must provide the respondent with a copy of any document you submit to the Court (except the initial motion to vacate).  Each original document (except the initial motion to vacate) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondent and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>           Attorney for Respondent
> _____
> (Signature)

9.  <u>Amended Motion to Vacate</u>.  If you need to change any of the information in the initial motion to vacate, you must file an amended motion.  The amended motion must be written on the court-approved motion to vacate form.  You may file one amended motion without leave (permission) of Court before the respondent has answered your original motion to vacate.  <u>See</u> Fed. R. Civ. P. 15(a).  After the respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended motion to vacate.  LRCiv 15.1.  An amended motion may not incorporate by reference any part of your prior motion.  LRCiv 15.1(a)(2).  Any grounds not included in the amended motion to vacate are considered dismissed.

10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  <u>Grounds for Relief.</u>  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this motion will likely be barred from being raised at a later date.

### FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your motion being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the motion is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **United States of America,** | ) | **No. CR** _____ |
| | ) | (Enter your criminal case number) |
| Plaintiff, | ) | |
| | ) | **No. CV** _____ |
| vs. | ) | (To be supplied by the Clerk) |
| | ) | |
| _____, | ) | **MOTION UNDER 28 U.S.C. § 2255** |
| (Full name of Movant. Include the name under | ) | **TO VACATE, SET ASIDE OR** |
| which you were convicted.) | ) | **CORRECT SENTENCE BY A** |
| | ) | **PERSON IN FEDERAL CUSTODY** |
| Defendant/Movant. | ) | |
| _____ | ) | |

1. (a)  Name and location of court that entered the judgment of conviction you are challenging: _____

   _____

   _____

   (b)  Criminal docket or case number: _____

2. Date of judgment of conviction: _____

3. In this case, were you convicted on more than one count or crime?      Yes ☐      No ☐

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _____

   _____

   _____

   _____

Revised 3/9/07                                                 1                                                 **510**

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?
    Not guilty                                    ☐
    Guilty                                        ☐
    Nolo contendere (no contest)                  ☐

    (b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

_____

_____

    (c)  If you went to trial, what kind of trial did you have?  (Check one)          Jury ☐          Judge only ☐

7.  Did you appeal from the judgment of conviction?          Yes ☐          No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

8.  Did you file a petition for certiorari in the United States Supreme Court?          Yes ☐          No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

(b) Docket or case number: _____

(c) Result: _____

(d) Date of result: _____

(e) Grounds raised: _____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.   Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any court?        Yes ☐        No ☐

   If yes, answer the following:

   (a)  First petition, application or motion.

      (1)  Date you filed: _____

      (2)  Name of court: _____

      (3)  Nature of the proceeding: _____

      (4)  Docket or case number: _____

      (5)  Result: _____

      (6)  Date of result: _____

      (7)  Grounds raised: _____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

   (b)  Second petition, application or motion.

      (1)  Date you filed: _____

(2)  Name of court: _____

(3)  Nature of the proceeding: _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____
_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Did you appeal the action taken on your petition, application or motion?

(1)  First petition:     Yes ☐          No ☐

(2)  Second petition:  Yes ☐          No ☐

(d)  If you did not appeal from the action your petition, application or motion, explain why you did not:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12.  For this motion, beginning on the next page, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

    <u>**CAUTION**</u>:  <u>If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you present the issue raised in Ground One to the court of appeals?     Yes ☐     No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

_____

**GROUND TWO**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you present the issue raised in Ground Two to the court of appeals?    Yes ☐     No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

_____

**GROUND THREE**: _____

_____

_____

_____

_____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Three to the court of appeals?          Yes ☐          No ☐

(c) If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present the issue raised in Ground Four to the court of appeals?          Yes ☐          No ☐

(c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

**Please answer these additional questions about this motion:**

13.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?          Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

14.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?          Yes ☐          No ☐

    If yes, answer the following:

    (a)  Name and location of the court that imposed the sentence to be served in the future: _____

_____

    (b)  Date the sentence was imposed: _____

    (c)  Length of the sentence: _____

    (d)  Have you filed, or do you plan to file, any motion, petition or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

15.  TIMELINESS OF MOTION: If your judgment of conviction challenged in this motion became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2255 does not bar your motion.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    *Section 2255 provides in part that:
      A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
          (1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

16.  Movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which Movant may be entitled.  (Money damages are not available in § 2255 cases.)


    I declare under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Movant**


_____                    _____

Signature of attorney, if any                                                      Date